JUDGE HERB ROSS (Recalled)

### UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA
605 West 4th Avenue, Room 138, Anchorage, AK 99501-2253 — (Website: www.akb.uscourts.gov)
Clerk's Office:  907-271-2655 (1-800-859-8059 In-State) — Judge's Fax:  907-271-2692

| | |
|---|---|
| In re<br><br>GUY CHRIS MANNINO,<br><br>        Debtor(s) | Case No. F11-00859-HAR<br>In Chapter 7<br><br>**MEMORANDUM DECISION TO DEFER RULING ON TIMELINESS STATUS OF PROOF OF CLAIM NO. 8 [Meghan Johnson]** |

Meghan Johnson filed *pro se* a *Motion to accept late filed claim*.[1]  She filed, at about the same time, Proof of Claim No. 8 for $2,500 as a consumer deposit claim with priority under 11 USC § 507(a)(7).  She alleges no notice of the bankruptcy until September 14, 2012.

What Ms. Johnson really seeks is to have her proof of claim deemed to be *timely*.  She needs no permission to file the proof of claim, *per se*.  If it is untimely, however, it will be subordinated to timely claims when the trustee distributes dividends.[2]

The motion has not been noticed to the trustee and other creditors.  It would be better, procedurally, to defer ruling until the trustee makes a report and seeks permission for a distribution.  If the trustee objects to Ms. Johnson's claim as being untimely, a hearing can be held at that time.  It may be that no objection will actually be necessary, depending on how much the trustee recovers and the status of other claims filed at the time of his final report.

---

[1]  Docket No. 40, filed September 25, 2012.

[2]  11 USC § 726(a)(2)(C).

1    There is only one claim filed with a higher priority.  Proof of Claim No. 1 by the IRS

2    claims a higher priority of just $618.47 of its total claim.  There are other unsecured claims, but it

3    cannot be said at this time whether there will even be an issue paying a late filed claim a 100%

4    dividend.

5          On the substantive issue, whether a bankruptcy court can expand the time to file a late

6    claim for a creditor with no notice of the claims bar date (April 19, 2012 in this case), the cases are

7    not uniform.  Judge MacDonald held in a claims objection hearing in In re Harp that he did not

8    have such authority.[3]  The rationale used for his ruling has been also been used in a decision by an

9    Idaho bankruptcy court.[4]

10         On constitutional grounds, however, the district court in the Central District of California,

11   in In re Barsky, held that a creditor who was not given adequate notice of the claims bar date was

12   not precluded from filing a late claim which could be deemed timely.[5]  In In re Coastal Alaska

13   Lines, Inc. the 9th Circuit criticized the "lack of due process" reasoning of In re Barsky, but the

14   facts before it did not present the same factual framework relied upon by the Barsky court in its

15   due process ruling, so it did not overrule Barsky.[6]

16         This conflict can be addressed, if necessary, at the time of any objection to Proof of Claim

17   No. 8 on timeliness grounds.

18

19

20

21
_____

22        [3] A copy of Judge MacDonald's decision is attached.  A10-00021-DMD, In re Steve W. Harp and Teresa
E. Harp, Docket No. 93, filed December 7, 2011, discussing FRBP 3002(c) and FRBP 9006(b)(3).

23
         [4] In re Moniz, 2007 WL 2225926 (Bankr.D. Ida. 2007).

24
         [5] In re Barsky, 85 B.R. 550, 553 (C.D. Cal. 1988), aff'd., 933 F.2d 1013 (9th Cir. 1989) (the unpublished
25   decision of the circuit did rule on the constitutional issue).

26        [6] In re Coastal Alaska Lines, Inc., 926 F.2d 1428, 1430-31 (9th Cir. 1990).

27   MEMORANDUM DECISION TO DEFER
     RULING ON TIMELINESS STATUS OF
28   PROOF OF CLAIM NO. 8 [Meghan Johnson]                                              Page 2 of 3

1    DATED:  September 27, 2012

2

3
                                                      /s/ Herb Ross
4                                                     HERB ROSS
                                              U.S. Bankruptcy Judge
5

6    Serve:
     Meghan Johnson, *pro se* POC # 8 claimant, 201 Hamilton Ave., Unit #20, Fairbanks, AK 99701
7    Larry Compton, trustee
     James DeWitt, Esq., attorney for the trustee
8    U.S. Trustee's Office - Anchorage
     Case Manager
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   MEMORANDUM DECISION TO DEFER
     RULING ON TIMELINESS STATUS OF
28   PROOF OF CLAIM NO. 8 [Meghan Johnson]                                          Page 3 of 3